**LANPAR COMPANY, Appellant,**

v.

**A. Thomas SINGLETARY, Appellee.**

No. 7828.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 26, 1967.

Rehearing Denied Oct. 24, 1967.

Jack D. Eades, Dallas, for appellant.

L. Vance Stanton of Billings, Pierce, Gilley & Stanton and Roy P. Cookston, Dallas, for appellee.

DAVIS, Justice.

A suit for wages, commissions and attorney's fees. The trial court instructed a verdict in favor of appellee. Appellant has perfected its appeal and brings forward two points of error.

By the two points, appellant says the trial court erred in instructing a verdict in favor of appellee because probative evidence about which reasonable minds could differ was introduced showing that certain of the appellant's sales for which appellee was allowed commissions were house accounts; and, because probative evidence about which reasonable minds could differ was introduced showing that appellee was discharged for conduct amounting to bad faith

and disloyalty toward the employer of such a nature as to constitute a forfeiture of any unpaid commissions.

Appellee challenges both these points.

Appellee was employed by appellant as a pharmaceutical products salesman in April, 1963, at $500.00 per month plus an eight per cent (8%) commission. The evidence shows that appellee continued to work as such salesman until Friday, January 8, 1965. Immediately prior thereto the president of Lanpar Company, Inc., either had a heart attack or a stroke in the State of California. In the summer of 1964, the president had to have a hernia operation in Mexico City, Mexico. He was a man of about 75 years of age and appellee thought that he was about to pass away. Appellee announced on Saturday, January 9, 1965, that he was quitting because he knew that he could not get along with the son-in-law of the president, as president of the company.

When appellee was hired, the president of appellant told appellee that only two house accounts would be omitted from his commissions. A house account is one within the salesman's territory, where the accounts are usually phoned in, on which the salesman does not receive a commission.

An auditor was appointed. According to the auditor's report, the salary and commissions were due. The attorney fee was stipulated and agreed upon.

All the evidence that was offered showed appellee's reputation, character and dealing to be excellent.

There is no evidence that appellee retained any profits received by him in the course of his employment; or, that he accepted, appropriated, or took any secret profit in the nature of a bonus, or other personal benefit from any customer; or, that he defrauded his employer; or, that he informed anyone of confidential matters; or, that appellant lost any customers, sales or money as the result of any acts on the part of appellee.

There is no evidence of probative value where reasonable minds might differ as to any material fact issue. 38 T.J. 2nd 174 and 182, Secs. 30 and 35, and the authorities cited thereunder. Appellee is also entitled to recover attorney's fees. Art. 2226 R.C.S. The trial court did not err in granting the motion for an instructed verdict. 56 T.J. 2nd 545, Sec. 206; 3 McDonalds Tex.Civ. Prac. 1025, Sec. 11.25. The points are overruled.

The judgment of the trial court is affirmed.